IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS FEBRUARY 28, 2005

## MARK SMITH v. SMITH IMPORTS, INC., ET AL.

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-001350-03     D'Army Bailey, Judge**

_____

**No. W2004-02022-COA-R3-CV - Filed July 25, 2005**

_____

This appeal arises from an order granting summary judgment.  The trial court granted summary judgment for one of the defendants and the plaintiff appealed to this Court.  After reviewing the record, we dismiss this appeal for lack of subject matter jurisdiction.

**Tenn. R. App. P. 3; Appeal as of Right; Appeal Dismissed for Lack of Subject Matter Jurisdiction**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Kim G. Sims, Memphis, TN, for Appellant

Eric J. Plumley, Memphis, TN, for Appellee Barnett Motor Works, Inc.

**OPINION**

**Facts and Procedural History**

On March 11, 2003, Mark Smith ("Smith" or "Appellant") filed a complaint for injuries he allegedly sustained in an automobile accident on or about September 23, 1998, against four defendants, Paul Zanone ("Zanone") and phantom driver, Coady L. Davis ("Davis"), individually, and Barnett Motor Works, Inc. ("Barnett Motor" or "Appellee"), and Smith Imports, Inc. ("Smith Imports" or, collectively with Zanone, Davis, and Barnett Motor, the "Defendants"), under a theory of respondeat superior.  On July 2, 2003, Smith filed motions for default judgment against Barnett

Motor and Smith Imports. The trial court granted the motion for default judgment as to Smith Imports only.[1]

On July 21, 2003, Barnett Motor filed its answer, asserting numerous defenses including the statute of limitations and noncompliance with Rule 3 of the Tennessee Rules of Civil Procedure. Additionally, on the same day, Barnett Motor filed a motion for judgment on the pleadings or for summary judgment, again citing the statute of limitations. After a hearing and upon the record, on January 21, 2004, the trial court granted Barnett Motor's motion for summary judgment and stated that the assessment of costs shall "await final judgment or order." Subsequently, Smith filed a motion to alter or amend the judgment[2] which the trial court denied by order filed on July 9, 2004, again stating that costs shall "await final judgment or order." Smith now appeals to this Court, presenting the following issue, as we perceive it, for our review: whether the trial court erred when it granted summary judgment in favor of Barnett Motor. For the following reasons, we dismiss this appeal for lack of subject matter jurisdiction.

### Subject Matter Jurisdiction

Though neither of the parties raise the issue of whether this Court may hear this appeal, "[t]he appellate court shall also consider whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review . . . ." Tenn. R. App. P. 13(b) (2005). Pursuant to Rule 3(a) of the Tennessee Rules of Appellate Procedure,

> In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. Except as otherwise permitted in Rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, *if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.*

Tenn. R. App. P. 3(a) (2005) (emphasis added). In this case, Appellant did not seek permission from the trial court for an interlocutory appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure, even though the order granting summary judgment concerned only one of the Defendants. Tenn. R. App. P. 9 (2005). Additionally, Rule 54.02 of the Tennessee Rules of Civil Procedure provides as follows:

---

[1] Although a default judgment was granted as to Smith Imports, we note that Smith Imports subsequently filed an answer to Smith's complaint.

[2] Additionally, Smith filed a motion for leave to amend his complaint. The record contains no written order disposing of this motion.

When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. *In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.*

Tenn. R. Civ. P. 54.02 (2005) (emphasis added). In this case, the order granting Appellee summary judgment does not make an express determination that there is no just reason for delay and it does not give an express direction for the entry of judgment. Instead, it grants Appellee summary judgment and states that "the assessment of court costs *await final judgment or order*." (emphasis added). The trial court's order denying Appellant's motion also does not make any such determination as stated in Rule 54.02 of the Tennessee Rules of Civil Procedure and states that "the assessment of court costs *await final judgment or order*." (emphasis added). Because the order appealed from disposes of only one of the four Defendants in this case, the final order does not make a determination in accordance with Rule 54.02 of the Tennessee Rules of Civil Procedure, and Appellant has not sought an interlocutory appeal in accordance with Rule 9 of the Tennessee Rules of Appellate Procedure, this Court dismisses this appeal for lack of subject matter jurisdiction.

## Conclusion

For the reasons stated above, we dismiss this appeal for lack of subject matter jurisdiction. Costs of this appeal are taxed to Appellant, Mark Smith, and his surety for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE